THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSIE GROSS and Others, Respondents, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants.

DANIEL FUCHS and MORRIS GROSS, Intervenors.*

Supreme Court, Kings Special Term, December 22, 1924.

Municipal corporations — zoning ordinances — certiorari to review determination of board of appeals of city of New York in issuing permit for erection of garage — permit allowed erection of garage for more than five motor vehicles on premises located in residential district without filing of consents of owners of 80% frontage of property immediately affected under Building Zone Resolution, art. 2, § 7, subd. g — determination of said board null and void — board cannot justify its action under Building Zone Resolution, art. 5, § 21.

The determination of the board of appeals of the city of New York in permitting the issuance of a permit for the erection of a garage for more than five motor vehicles on premises located in a residential district, in the absence of consents of the owners of eighty per cent of the frontage of property immediately affected by the proposed garage, under the provisions of subdivision g of section 7 of article 2 of the Building Zone Resolution, is null and void, and a writ of certiorari to review the action of the said board should be sustained, since the filing of consents and the designation of frontage which the said board deems immediately affected by the proposed garage is a condition precedent to the issuance of the permit, and may not be waived by said board under section 21 of article 5 of the said resolution.

CERTIORARI to review determination of board of appeals.

*George P. Nicholson, Corporation Counsel,* for the defendants, appellants.

*A. I. Nova,* for the intervening defendants, appellants.

*Andrew Van Thun, Jr.,* for the respondents.

LEWIS, J.:

The respondents have granted permission for the erection of a garage for more than five motor vehicles on the premises at the northeast corner of Portal and Union streets, Brooklyn, which premises are located in a " residence district." According to the provisions of the Building Zone Resolution (Art. 2, § 7, subd. [g]) the board of appeals would have the right to permit the erection of such a garage in a business or residence district, " provided the petitioner files the consents duly acknowledged of the owners of 80 per cent.

Supreme Court, December, 1924. [Vol. 124

of the frontage deemed by the Board to be immediately affected by the proposed garage.'' Neither consents by owners constituting eighty per cent were filed, nor did the board prescribe any frontage which it deemed immediately affected by the proposed garage. The board seeks to justify its action under the provisions of article 5, section 20, which provides: '' Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to *vary* any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done.''

The zoning resolutions have the force and effect of a statute. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459, 465.) What has been done here is not to '' vary,'' but to repeal and nullify express statutory enactment. If such right exists, then the language of article 2, section 7, subdivision (g), providing for the consents and the frontage affected, is surplusage, and the board would have the arbitrary right to permit the erection of any garage in a residence district. The board of estimate and apportionment, under the provisions of section 242-b of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1917, chap. 601, as amd. by Laws of 1924, chap. 295), has the power to regulate and redistrict the location of trades and industries, divide the city into districts, and, from time to time, after public notice and hearing, to amend or change districts, which amendment, however, shall not be passed except by unanimous vote of the board.

In the instant case the respondents did what the board of estimate and apportionment would be powerless to do, except under certain prescribed conditions. A case which is somewhat similar, but with the abuse of discretion not as flagrant, is *People ex rel. Cotton* v. *Leo* (110 Misc. 519).

The determination of the board is nullified, and the writ is sustained, with costs against the board.