SAMUEL FEIGELMAN, Respondent, v. BATTISTA PICONE and Another, as Copartners, etc., and Another, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

GEORGE W. FLAACKE, as Receiver of COLUMBIA HOSIERY COMPANY, Respondent, v. JEROME A. PECK, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. It is unnecessary for plaintiff to examine defendant in order to obtain information upon which to frame his complaint, as the only information which he lacks is the exact amount of the recovery to be demanded. (*Newman* v. *Potter*, 201 App. Div. 335.) Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

JOHN J. HOGAN, Appellant, v. STAR COMPANY, Respondent.— We are of opinion that the article complained of tended to expose the plaintiff to scorn, ridicule, hatred and contempt, and as such was libelous *per se.* The complaint was, therefore, improperly dismissed, and the order is reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

In the Matter of Supplementary Proceedings. ROCKWOOD & Co., INC., Respondent, v. MORRIS S. TROP, Doing Business under the Firm Name and Style of TROP CHOCOLATE COMPANY, Appellant.— On reargument, order directing the judgment debtor to sign, execute and deliver to the receiver in supplementary proceedings a request to the insurance company to cancel his policy and to pay its cash surrender value to the receiver, affirmed, with ten dollars costs and disbursements. When the appeal was first argued before this court, the appellant urged that it did not appear in the record that the order appointing the receiver was filed in Queens county, the place where the judgment debtor resided. This objection was not raised in the trial court, as appears from a re-examination of the record. On reargument it is pointed out that such an order was filed. Even if it had not been filed, the title of the receiver to the assets of the judgment debtor would, under section 810, subdivision 1, of the Civil Practice Act, relate back to the date of the order requiring the judgment debtor to attend and be examined. If the objection had been made there, the trial court would undoubtedly have allowed the filing of an additional affidavit showing that the order had been filed in Queens county. For these reasons, and for the reasons stated in the opinion of the court on the prior hearing [See 211 App. Div. 421], the order is affirmed. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

NASSAU ELECTRIC RAILROAD COMPANY, Respondent, v. EDWARD RIEGELMANN, Individually and as President of the Borough of Brooklyn, and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUST SMALL, Appellant, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, and Another, Respondents.— Order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

SEASIDE HOME FOR CRIPPLED CHILDREN, INC., Appellant, v. ATLANTIC BEACH ASSOCIATES, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.