THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD BURNS and Another, Relators, v. THE WARDEN OF THE CITY PRISON, etc., Respondents.— Writ sustained and relators discharged from custody. The depositions and the evidence taken before the committing magistrate do not sustain the finding of a criminal intent to retain possession of the blue-prints or wrongfully to dispose of them. This is especially so in view of the magistrate's refusal to hold the relators for the larceny of the 105 original drawings, blue-prints, and necessary patterns for the building of the machine. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSIE GROSS and Others, Respondents, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants. DANIEL FUCHS and Another, Intervenors, Appellants.— Final order reversed upon the law and the facts. While this proceeding appears to have been properly brought under article 5, section 20, of the Zoning Law* (*People ex rel. Smith* v. *Walsh*, 211 App. Div. 205; affd., by the Court of Appeals, 240 N. Y. 606; *People ex rel. Small* v. *Walsh*, 212 App. Div. 883), we are not satisfied from the record before us that practical difficulties or unnecessary hardships have been shown sufficently to justify the order of the board of appeals. We, therefore, remit the proceeding to the Special Term to take testimony and determine the question as to whether practical difficulties or unnecessary hardships existed justifying the variance under section 20. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

VERA ART CORPORATION, Respondent, v. COMMERCIAL TRADERS CINEMA CORPORATION, Appellant.— Order affirmed, with ten dollars costs and disbursements. We think the complaint should be answered. In upholding it we do not decide that the transaction set forth in the second cause of action necessarily constituted " pawn-broking." Whether it did or not depends upon the proofs that may be offered to support the allegations. We also refrain from intimating any opinion as to whether the transaction referred to in the third cause of action was a mortgaging of corporate property within the provisions of the Stock Corporation Law then in force. The ultimate fact pleaded is that it was such a transaction. We leave the question to be determined at the trial on the evidence. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.