THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE RAM, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FELICE SPINELLI, Also Known as P. SPINELLI, Appellant, v. WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents, and LENA GILMAN, Intervenor, Respondent.— Order dismissing order of certiorari and confirming the determination of the board of standards and appeals reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, application of intervenor denied, order of certiorari sustained and determination of the board of standards and appeals annulled, with fifty dollars costs. The authority of the board of standards and appeals to vary the application in this case of the use district regulations in order to permit in a business or residence district the erection of a garage requires the filing of consents, duly acknowledged, of the owners of eighty per cent of the frontage deemed by the board to be immediately affected by the proposed garage. The consent of the owner of part of lot 14 in block 4815, Rapola Holding Corporation, was neither properly executed nor acknowledged. The inclusion of 300 feet of lot 46, block 4815, which is situate between property fronting on Fenimore street, including the site of the proposed garage, and property fronting on Hawthorne street, was unwarranted, in that it is not " frontage." The " frontage " provided for by subdivision " g " of section 7 of the Building Zone Resolution means frontage on a public street or place. (*Fulton* v. *Krull*, 200 N. Y. 105, 111.) Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur.

ABBOTT L. SCHIFF, Appellant, v. JOSEPH SHAMPAN and LOUIS SHAMPAN, Doing Business under the Firm Name and Style of SHAMPAN & SHAMPAN, Respondents. — Judgment affirmed, with costs. No opinion. Rich, Young and Tompkins, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote for a new trial upon the ground that the determination of the Special Term was against the weight of the evidence.

SEAVIEW GARAGES, INC., Respondent, v. CLARA H. VITALE, Appellant.— Order of the County Court of Nassau county, granting plaintiff judgment " as prayed for in the complaint," reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the pleadings present an issue of fact for trial. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

ELIZABETH C. THOMPSON, Appellant, v. ALEXANDER GREEN, Respondent.— Order vacating order granting plaintiff judgment on the pleadings and permitting defendant to serve an amended answer upon condition affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.