In the Matter of JOHN P. STARIN et al., Petitioners, against VILLAGE BOARD OF ZONING APPEALS OF VILLAGE OF HEMPSTEAD, Respondent.

Supreme Court, Special Term, Nassau County, November 2, 1950.

*John F. Coffey* for petitioners.

*Charles G. Ritter, Village Attorney,* for respondent.

C. A. JOHNSON, J.  By this proceeding under article 78 of the Civil Practice Act, the petitioners seek an order in the nature of mandamus to compel the village board to act upon an application for a gasoline station permit.

The Building Zone Ordinance of the Village of Hempstead provides that a gasoline filling station may be operated in a Business B district only when authorized as a special exception by the board of appeals and that before the board of appeals can act, the petitioner must file with the board of appeals, consents duly acknowledged of the owners of 80% of the frontage deemed by the board of appeals to be immediately affected by the proposed station. The petitioners, the owners and contract vendees of a parcel of land in a Business B district, have applied for a permit to operate a gasoline filling station. The board of appeals fixed an area within which the consents of the owners of 80% of the frontage were directed

to be obtained. They cannot be obtained. Petitioners now seek this order asserting that insofar as the village board, by the ordinance quoted, has purported to delegate to adjoining owners, the power to confer upon or withhold from the board of zoning appeals, authority to make a determination with regard to the issuance of the permit, the ordinance is unconstitutional and void.

The court believes that the provision of the ordinance which is here attacked has no substantial relation to the general public welfare; on the contrary, it places in the hands of neighboring owners the power to limit competition and to withhold consent for private reasons having no relation whatever to the legitimate purposes intended to be served by building zone regulations. The court therefore believes that this provision of the zoning ordinance may and should be disregarded and that an order should issue directing the board of zoning appeals to receive, consider and act upon petitioners' application upon its merits without requiring petitioners to present to such board of zoning appeals the acknowledged consents of the owners of frontage heretofore directed.

The petition is accordingly granted and the motion to dismiss the petition for insufficiency is denied.

Settle order on notice.