Elbert T. Gallagher, J.
This is a petition to review respondents’ decision which denied petitioners’ application for a permit to build a gasoline filling station. Before there can be a consideration on the merits, the court must determine whether the board of appeals had the power to hear the matter.
The lot in question occupies the northeast corner at the intersection of Highland and Pemart Avenues in the city of Peekskill. With petitioners’ application were filed consents by a majority of the owners of land fronting on Highland Avenue and within 100 feet of petitioners’ lot. Petitioners have filed no consents from owners of land on Pemart Avenue.
Section 13 of article VII of the Zoning Ordinance of the City of Peekskill provides that under certain conditions a gasoline filling station may be constructed within a business district, but that no permit therefor shall be issued, “ unless, with the application, are filed the written consent of a majority of the property owners in number whose holdings front upon the same street within one hundred feet of the proposed structure, in which case the permit may be granted on the approval of the Board of Appeals ”.
In many jurisdictions, ordinances such as the above have been held invalid as constituting an unlawful delegation of power to the surrounding property owners by the governing body, and there are cases in this State to the same effect. (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189; City of Utica v. Hanna, 202 App. Div. 610; Matter of Starin v. Village Bd. of Zoning Appeals, 198 Misc 785; Matter of Ballard v. Roth, 141 Misc. 319.)
However, the more recent New York cases have held that this rule does not apply where the use is ‘1 potentially danger *720 otis and offensive ”, such as a gasoline filling station, and that in such a case the ordinance may require consents of adjoining owners as a prerequisite to the granting of a permit (Matter of Epstein v. Weisser, 278 App. Div. 668, affd. 302 N. Y. 916; Matter of Concordia Collegiate Inst. v. Miller, supra).
The question then is, does the ordinance apply to the owners on Pemart Avenue, as well as to those on Highland Avenue 1 If so, there has not been compliance with the ordinance, because petitioners have not filed consents from the majority of owners whose properties front on either street within 100 feet of petitioners’ lot.
The purpose of the ordinance was to empower neighboring lot owners to determine whether there would be a hearing on an application for a permit for the construction of a gasoline filling station. Property fronting on Pemart Avenue would be as much affected by such a station as would property on Highland Avenue. While the proposed building, as shown on the plan, faces Highland Avenue, traffic to and from the station would use both streets. The court’s conclusion is that the intention of the ordinance was to require consents from adjoining owners on both Highland and Pemart Avenues. (People ex rel. Spinelli v. Walsh, 229 App. Div. 745, affd. 254 N. Y. 601; Beach v. Jenkins, 174 App. Div. 813.)
There are cases in this State holding that although the required consents have not been supplied, the board may, under its general powers, grant relief where there exist practical difficulties or unnecessary hardships (People ex rel. Smith v. Walsh, 211 App. Div. 205, affd. 240 N. Y. 606; People ex rel. Gross v. Walsh, 213 App. Div. 878); but the later cases hold that in the absence of the consents, the board has no jurisdiction to act and any decision made by it is illegal and void. (Matter of Hacker v. Board of Appeals of Buffalo, 223 App. Div. 196; Matter of Epstein v. Weisser, supra; People ex rel. Spinelli v. Walsh, supra.)
' In any event, there is no such showing of practical difficulty or unnecessary hardship as would warrant the exercise of the board’s general powers. (Matter of Revorg Realty Co. v. Walsh, 225 App. Div. 774, affd. 251 N. Y. 516.)
Petition denied.
Submit order on notice.