■ In the Matter of JOHN WHITTON, Appellant, v TOWN OF BALLSTON et al., Respondents. [734 NYS2d 288] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Williams, J.), entered October 4, 2000 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Town of Ballston Zoning Board of Appeals granting an area variance to respondents Robert Boyce and Carol Boyce.

Petitioner owns real property on the west shore of Ballston Lake in the Town of Ballston, Saratoga County, and respondents Robert Boyce and Carol Boyce have an interest in real property immediately west of petitioner's property. To reach their property from the public highway, the Boyces have an easement for ingress and egress consisting of a causeway cross-

ing a swamp area on the western portion of petitioner's land. Seeking to build a home on their property, the Boyces applied to respondent Town of Ballston Zoning Board of Appeals to obtain an area variance.* After the application was presented, it was held in abeyance since additional information was needed due to concerns of possible flooding on the causeway.

In response to the Zoning Board's requirements, the Boyces submitted a report from engineer Robert Kirker setting forth an analysis of the improvements that were necessary to the causeway to alleviate any problems with flooding or access to the property. The Kirker report and his testimony before the Zoning Board recommended an additional culvert under the causeway and also raising said causeway approximately 18 inches. The changes would allow the passage of emergency vehicles and would not result in increased flooding to surrounding properties. The Kirker report further provided for the installation of guardrails with reflectors along the sides of the causeway and the posting of 10 mile-per-hour speed limit signs. The Boyces also complied with additional Zoning Board mandates including that their engineer's recommendation be reviewed and approved by respondent Town of Ballston's engineer, receiving a permit from the Department of Environmental Conservation (hereinafter DEC), acquiring a flood plain permit from the Town Building Inspector for the maintenance of the causeway and the installation of a new culvert, and obtaining letters from the Ballston Lake Emergency Squad and the Fire Chief indicating that the road across the causeway would be passable by emergency vehicles.

Thereafter, in conjunction with a public hearing regarding the application, petitioner submitted a report from engineer Thomas Andress concluding, *inter alia*, that, from the information provided, flooding will occur on petitioner's property as a result of the improvements to the causeway. Although the Andress report was not directly provided to the Zoning Board members prior to the hearing, it was reviewed by the Town's engineer, who disagreed with the report's conclusions. The Zoning Board granted the variance and petitioner commenced this CPLR article 78 proceeding seeking to annul that determination and the flood permit issued by the Town. Supreme Court dismissed the petition and petitioner appeals.

Petitioner principally contends that the Zoning Board's determination was improper because it failed to consider the An-

---

* A variance was required pursuant to Town Law § 280-a because the causeway crossing petitioner's property would be the sole source of ingress and egress to the Boyces' property.

dress report. He argues that such failure violated Town Law § 267-b which requires the Zoning Board to consider whether the variance could have a detrimental effect on petitioner's property. "It is well settled that a determination made by a zoning board is administrative or quasi-legislative in nature and, hence, rationality is the appropriate standard of review" (*Matter of Cellco Partnership v Bellows*, 262 AD2d 849, 851 [citation omitted]). Accordingly, this Court's review must consider "whether the record contains sufficient evidence to support the rationality of the [Zoning] Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2; *see*, *Matter of Cellco Partnership v Bellows, supra*).

In deciding whether to grant a variance, a zoning board must weigh " 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood, supra*, at 384, quoting Town Law § 267-b [3] [b]). In making the determination, the zoning board must consider various factors (*see*, Town Law § 267-b [3] [b]), including "whether * * * a detriment to nearby properties will be created by the granting of the area variance" (Town Law § 267-b [3] [b] [1]). Here, the record sufficiently substantiates the Zoning Board's findings that the variance would not result in a detriment to nearby properties. Prior to granting the variance, the Zoning Board established several conditions to ensure adequate protection of nearby properties and did not grant the variance until all the conditions were satisfied. Moreover, although the Zoning Board never directly reviewed the Andress report, the Town's engineer did, disagreed with its conclusions and supported the recommendations in the Kirker report. Under the circumstances, we cannot say that the Zoning Board's decision not to table the matter for individual review of the report was irrational.

Petitioner's remaining contentions have been examined and found unpersuasive, including his claim that the issuance of the variance was improper because the Boyces' application for the flood permit did not include petitioner's name as an owner of a portion of the causeway. Notably, petitioner has made an insufficient showing that this is a situation where an applicant is required to file consents of affected property owners as required by statute (*see, e.g., People ex rel. Gross v Walsh*, 124 Misc 889, *revd on other grounds* 213 App Div 878).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.