◼ In the Matter of PATRICIA PARSONS, Respondent, v ZONING BOARD OF APPEALS et al., Appellants. [771 NYS2d 731]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered April 14, 2003 in Delaware County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Bovina interpreting portions of the Town of Bovina Zoning Local Law.

Petitioner lived across the street from a general store located in the hamlet of Bovina Center, Delaware County, which was operated for many years by Marjorie Russell until its transfer to the Historical Society of the Town of Bovina. According to the provisions of the local zoning ordinance, the general store is a preexisting special use.

When the Town Enforcement Officer did not require a building permit or a site plan/special use permit before the Historical Society sought to renovate a second floor storage room to a community meeting room, petitioner challenged the lack of action as a failure to comply with the local zoning ordinance due to an increase in the intensity of its use.* Respondent Zoning Board of Appeals of the Town of Bovina (hereinafter the ZBA) held a public hearing and determined that the proposed use of the storage space did not require an application for site plan/special use permit since the store had previously been used as a public meeting place. This CPLR article 78 proceeding was thereafter commenced and Supreme Court found that the ZBA's determination was not supported by substantial evidence. Respondents appeal.

Acknowledging the deference typically accorded to these

---

* Town of Bovina Zoning Local Law § 5.03 (B) states that the "pre-existing special use shall not be enlarged, relocated, extended or increased in intensity unless an application is made for a site plan/special use permit and approved."

determinations and our obligation to uphold them if they have a rational basis and are properly supported by substantial evidence in the record (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344, 351 [1996]; *Matter of Androme Leather Corp. v City of Gloversville,* 1 AD3d 654, 656 [2003]), we fail to find a scintilla of evidence to support the ZBA's determination that either the renovated space or any other part of the general store had previously been used for its newly-intended purpose. Although the general store may have been a location where citizens met each other, the minutes of the August 12, 2002 public hearing reveal that the proposed meeting room was used solely as a storage space. For these reasons, we conclude that Supreme Court properly granted the petition.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.