■ In the Matter of DAVID JOHNSON et al., Respondents, v TOWN OF QUEENSBURY ZONING BOARD OF APPEALS, Appellant. [777 NYS2d 562]—

Peters, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered March 20, 2003 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioners' request for two area variances.

Petitioners own a single-family residence on the east shore of Lake George in the Town of Queensbury, Warren County. In 1999, petitioners presented an application to the Town of Queensbury Planning Board seeking approval for a proposed 1,000 square foot addition to their home. The submitted plan included blueprints prepared by an architect/engineer showing that the new construction would meet the setback distances mandated by the local zoning ordinance. Following a public hearing, the Planning Board approved petitioners' application and, after obtaining a building permit, the addition was built in accordance therewith, except that petitioners also constructed a porch off the south side. A certificate of occupancy was issued.

Later, during an inspection of the property by the Town Zoning Administrator, an issue arose as to whether the addition

violated the 20-foot minimum side setback requirements of the local zoning ordinance. The Zoning Administrator requested an "as built" survey which ultimately showed that the addition infringed 13.3 feet into the 20-foot side setback requirement. The survey further showed that the house, even before the addition, was a nonconforming structure. Since both the addition of the porch and the infringement into the side setback requirement required relief from the local zoning ordinance, petitioners filed an application with respondent for two area variances. After a public hearing, respondent denied petitioners' application. This proceeding was brought to annul respondent's determination. Finding respondent's denial of petitioners' request to be arbitrary, Supreme Court reversed the determination, prompting this appeal.

Respondent's interpretation is entitled to deference if it is found to have a rational basis and is supported by substantial evidence in the record (*see Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351 [1996]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Parsons v Zoning Bd. of Appeals*, 4 AD3d 673, 673-674 [2004]). In making a determination on an area variance, Town Law § 267-b (3) (b) required respondent to weigh " 'the benefit to the applicant' [as] against 'the detriment to the health, safety and welfare of the neighborhood or community' " (*Matter of Sasso v Osgood, supra* at 384, quoting Town Law § 267-b [3] [b]; *see Matter of Whitton v Town of Ballston*, 289 AD2d 647, 649 [2001]). As part of this balancing test, consideration must be given to the following factors: "whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; . . . whether the benefits sought by the applicant can be achieved by some [feasible] method . . . other than an area variance; . . . whether the requested area variance is substantial; . . . whether the proposed variance will have an adverse affect or impact on the physical or environmental conditions in the neighborhood or district; and . . . whether the alleged difficulty was self-created" (Town Law § 267-b [3] [b]).

In our view, respondent's determination that the granting of these variances will be a detriment to nearby properties has a rational basis and is supported by substantial evidence. Petitioners' home spans almost the full width of its property. With the addition, only 15 feet of open space remains between petitioners' home and a neighbor, while the other side of petitioners'

home is only seven feet from its property line. Even acknowledging the nonconforming nature of the Cleverdale community where this home is located, "[a] municipality may in the reasonable exercise of its police powers change its zoning to control land use and development" (*Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington, supra* at 350). Further, although petitioner's current neighbors expressed support for this application, "[a] variance is not personal to the owner-applicant; it runs with the land" (Salkin, New York Zoning Law and Practice § 29:02 [4th ed]). With one variance here seeking 66% of relief, we find there to be a legitimate concern by respondent that by authorizing illegally built oversized additions or even preconstruction variances of this magnitude, a severely overcrowded community will only become more congested. Although the record reflects that there were reasonable alternatives had the application been made preconstruction, it is significant that no alternatives or compromises have since been proposed by petitioners despite a request for a compromise from at least one member of respondent. Finally, with respondent's conclusion that the hardship, whether intentional or unintentional, was self-created due to the incorrect drawings submitted by petitioners' architect/engineer, we find that respondent properly balanced all relevant factors. Failing to conclude that respondent's determination was illegal, arbitrary, or an abuse of its discretion, "[i]t matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (*Cowan v Kern*, 41 NY2d 591, 599 [1977]).

Concluding that Supreme Court improperly substituted its discretion for that of respondent (*see Pecoraro v Board of Appeals of Town of Hempstead, supra* at —, 2004 NY Slip Op 03510, *1-2), we reverse Supreme Court's judgment.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, and petition dismissed.