In the Matter of SUE ANN KING SILHANEK, Formerly Known as SUE ANN KING, et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF GUILDERLAND, Respondent. [826 NYS2d 918]—

Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered October 11, 2005 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for an area variance.

Petitioners are the owners of real property located in the Town of Guilderland, Albany County. The property is bisected by a branch of the Normanskill Creek to the west and a ditch watercourse to the north. Section 280-29 (F) of the Guilderland Zoning Ordinance imposes certain setback requirements for any living structure located near such bodies of water, to wit, 30 feet from the angle of repose as defined in the ordinance.

Desirous of constructing a single-family residence on their property, petitioners applied to respondent for a variance from the zoning ordinance permitting construction within the angle of repose. Respondent referred the application to the Guilderland Town Planner and the Albany County Planning Board, both of which recommended denial of the application. Following a public hearing in February 2005, respondent deferred its decision in order to retain an engineer to review the application and to afford petitioners the opportunity to amend their application. Petitioners then amended their application to seek only a variance from the 30-foot angle of repose setback requirement, to wit, 22 feet on the north and 20 feet on the west.

At the second public hearing in April 2005, respondent denied petitioners' amended application. Consequently, petitioners commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court dismissed petitioners' application and this appeal ensued.

The record makes plain that respondent weighed all of the relevant factors required to be considered in making its determination. Petitioners make much of the fact that the Town's engineer found the report of petitioners' engineer to be sound. While this is true, the Town's engineer made clear that even if the recommendations contained in the expert's report were followed, that did not mean that slope failure would not occur. Accordingly, the Town's engineer recommended that, if a variance was granted, petitioners agree to be responsible for monitoring the stream banks and periodically engage an engineer to assess the situation. Respondent ultimately concluded that there was no practical way to ensure proper monitoring by petitioners or future owners of the property and the Town should not have to undertake such a burden. Thus, we conclude that inasmuch as the determination has a rational basis and is supported by substantial evidence, it must be upheld (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Johnson v Town of Queensbury Zoning Bd. of Appeals*, 8 AD3d 741, 742 [2004]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.