[920 NE2d 340, 892 NYS2d 284]

In the Matter of EDWARD J. VOMERO, Appellant, v CITY OF NEW YORK et al., Respondents.

Argued October 15, 2009; decided November 19, 2009

### APPEARANCES OF COUNSEL

*Samuel L. Scollar*, Staten Island, and *Marc E. Scollar*, for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Tahirih M. Sadrieh* and *Edward F.X. Hart* of counsel), for City of New York, respondent.

*Passarello & LaRosa*, Staten Island (*John Z. Marangos* and *Richard A. LaRosa* of counsel), for GAC Catering, Inc., respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.

A local zoning board has broad discretion when reviewing an application for a zoning variance, but its determination may be set aside if the record reveals that "the board acted illegally or arbitrarily, or abused its discretion" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). In this case, the zoning board's decision to grant a use variance for the construction of a commercial structure in a residentially-zoned area was an abuse of discretion. The physical conditions of the parcel relied on by the board did not establish that the property's characteristics were "unique" as defined by New York City Zoning Resolution § 72-21 (a). Proof of uniqueness must be "peculiar to and inherent in the particular zoning lot" (NY City Zoning Resolution § 72-21 [a]), rather than "common to the whole neighborhood" (*Matter of Clark v Board of Zoning Appeals of Town of Hempstead*, 301 NY 86, 91 [1950], *cert denied* 340 US 933 [1951]; *see also Dauernheim, Inc. v Town Bd. of Town of Hempstead*, 33 NY2d 468, 471-472 [1974]). The fact that this residentially zoned corner property is situated on a major thoroughfare in a predominantly commercial area does not suffice to support a finding of uniqueness since other nearby residential parcels share similar conditions.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.