■ In the Matter of KENNETH M. RUSSO, Appellant, v CITY OF ALBANY ZONING BOARD et al., Respondents. [910 NYS2d 263]—

Peters, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered July 15, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Zoning Board denying petitioner's request for an area variance.

Petitioner owns residential property located at 573 Morris Street, also referred to as 571 Morris Street,* in the City of Albany. Since approximately 1978, he has parked his vehicle on his front lawn. Petitioner contends that, around that time, he applied for and obtained from respondent City of Albany an area variance and/or a permit for a curb-cut enabling him to use his front lawn for parking. In September 2007, he received a cease and desist order from the City notifying him that his front-yard parking violated the City's zoning ordinance. Shortly thereafter, petitioner applied to respondent City of Albany Zoning Board for an area variance. After the Board denied his application, petitioner commenced a CPLR article 78 proceeding challenging that determination. In an August 2008 order, Supreme Court granted the petition, annulled the decision and remanded the matter, finding that the Board "left open questions as to any permits or variances for 571 Morris Street and did not fully address how allowing front yard parking would produce an 'undesirable change' or an aesthetic detriment."

After a rehearing, the Board again denied petitioner's application. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the Board's denial of his application and a determination that he is entitled to the variance or, alternatively, that the matter be remanded to the Board for another reconsideration. Petitioner also requested that Supreme Court find the Board in contempt for failing to comply with its August 2008

---

* Although petitioner's legal address is 573 Morris Street, the record reveals that respondents have, at times, referred to the property as 571 Morris Street. This discrepancy apparently stems from the fact that, as noted in the deed, the property is listed on the tax roll as 571 Morris Street.

order. Upon review, Supreme Court determined that the Board had properly reconsidered petitioner's application in accordance with its earlier decision and acted rationally in denying petitioner an area variance. Accordingly, the court dismissed the petition, prompting this appeal by petitioner.

The law is well settled that "[l]ocal zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *see Matter of Vomero v City of New York*, 13 NY3d 840, 841 [2009]; *Matter of Bivona v Town of Plattekill Zoning Bd. of Appeals*, 268 AD2d 877, 879 [2000]). Thus, a zoning board's determination will not be disturbed if it has a rational basis and is supported by substantial evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Stewart v Ferris*, 236 AD2d 767, 767-768 [1997]). In determining whether to grant an area variance, a zoning board must weigh the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted and must also consider five statutory factors (*see* Town Law § 267-b [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612-613; *Matter of Ifrah v Utschig*, 98 NY2d at 307-308).

Initially, we find that the record supports the Board's conclusion that a permit or variance permitting petitioner to use his front lawn for parking was never issued. Upon reconsideration of the issue pursuant to Supreme Court's August 2008 decision, the Board indicated that it had investigated—both at the time of petitioner's initial application and again upon remand—whether a variance or other permit had been filed for 571 or 573 Morris Street and found that no such approval for front-yard parking had been granted. This conclusion is supported by the affidavit of Bradley Glass, a planner for the City's Department of Development and Planning, who averred that his office maintains records relating to the issuance of variances and permits within the City and that a search of those records revealed no approval for front-yard parking for either address. Glass also averred that petitioner's use of his front yard for parking was not grandfathered in as a legal nonconforming use, as petitioner began doing so after the City's zoning ordinance restricting front-yard parking had been adopted in 1968. In light of this proof, and petitioner's failure to submit any documentation to demonstrate that he had in fact applied for

and received a permit or variance, the Board could rationally conclude that petitioner had not previously been granted the approval to park on his front lawn.

Addressing the merits of petitioner's application for an area variance, our review of the record reveals that the Board properly applied the balancing test and considered the relevant factors in reaching its determination. The record supports the Board's conclusion that the proposed variance for front-yard parking would produce an undesirable change in the character of the neighborhood. Evidence was presented that, although other houses in the surrounding area had front-yard parking, this constituted the overwhelming minority of the properties. Furthermore, Glass noted that, compared to those few properties, petitioner's use drastically differed in that his parking area is in the very middle of the lot, as opposed to on the side of the residence, and caused his vehicle to be parked over the City sidewalk. In finding that petitioner's front-yard parking would present an aesthetic detriment, the Board also relied upon a letter submitted by the neighborhood association indicating that allowing a variance for front-yard parking would not be in keeping with the rest of the homes in the neighborhood. Additionally, the Board was entitled to consider that permitting petitioner to utilize his front yard for parking would undermine existing zoning regulations by encouraging further deviations where no unique hardship exists and set a poor precedent for other property owners in the neighborhood (see *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 615).

As further determined by the Board, the variance would have detrimental impacts on the neighborhood and is substantial in nature. William Trudeau, the City's traffic engineer, stated that, when parked in his front yard, petitioner's vehicle was encroaching on the public sidewalk and right-of-way. Evidence was also presented to the Board that petitioner had been involved in an accident as a result of his front-yard parking, providing further support for its finding that the proposed variance would compromise public safety. Given that the variance would result in a constant impediment to the City's right-of-way and create potential safety issues to other drivers on Morris Street as well as pedestrians using the sidewalk in front of petitioner's home, it was not an abuse of discretion for the Board to determine that the substantial nature and negative impact of such a variance weighed against granting it.

The Board also considered petitioner's need for the variance. Petitioner argued that it was necessary for him to have front-

yard parking due to health reasons, but the record indicates that other feasible alternatives to the variance were available, such as on-street parking spaces and the reservation of a handicapped spot in front of his property. Moreover, the Board properly concluded that the need for the variance was self-created. It is undisputed that petitioner constructed a driveway on his front lawn and began parking there with full awareness of the applicable zoning regulations prohibiting such use. Even assuming that he had, in fact, been granted a permit for the curb cut, this would not obviate the need to apply for and receive a variance from the Board, since issuance of such a permit would not confer the authority to use the property in a manner prohibited by the City's zoning laws (*see Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 737 [1999]). Based on the foregoing, we are unable to conclude that the Board's denial of the area variance was irrational, arbitrary or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d at 309; *Matter of Johnson v Town of Queensbury Zoning Bd. of Appeals*, 8 AD3d 741, 742-743 [2004]).

Finally, we are unpersuaded that Supreme Court erred in denying petitioner's request to hold respondents in contempt. "Civil contempt requires a showing of, among other things, disobedience of 'a lawful judicial order expressing an unequivocal mandate' " (*Quick v ABS Realty Corp.*, 13 AD3d 1021, 1022 [2004], quoting *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *see Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 25 AD3d 952, 954 [2006]). In its August 2008 order, Supreme Court remanded the matter to the Board "to render a determination in accordance with the statute [i.e., Town Law § 267-b (3)] and in conformity with the decision rendered herein." Upon remand, the Board did just that. Although petitioner takes issue with the fact that the Board chose to conduct a rehearing, inasmuch as the August 2008 order did not specify the precise manner in which it was to reconsider petitioner's application, the course taken here by the Board cannot supply the basis of a finding of contempt (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *Matter of Posada v New York State Dept. of Health*, 47 AD3d 1026, 1027 [2008]).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.