In the Matter of CITY OF GLENS FALLS, Appellant, v TOWN OF QUEENSBURY, Respondent. [933 NYS2d 762]—

Peters, J.

Petitioner owns several parcels of land within respondent's borders, approximately 855 acres of which are the subject of this proceeding (hereinafter the property). Prior to November 2004, the property was zoned as Parkland Recreation 10-Acre (hereinafter PR-10A), which required 10 acres of developable land for every principal use or structure. On November 1, 2004, respondent enacted Local Law No. 10 (2004) of the Town of Queensbury, which amended its zoning law to change the zoning designation of all PR-10A property to Parkland Recreation 42-Acre (hereinafter PR-42A), which requires 42 acres of land per every principal use or structure. Petitioner then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging, among other things, that respondent failed to comply with the State Environmental Quality Review Act and various other laws in enacting Local Law No. 10, and that such local law effected an unconstitutional taking of property. Thereafter, in April 2005, the parties entered

into a stipulation to adjourn the litigation subject to certain conditions. Approximately four years later, with the matter still pending, respondent passed a resolution enacting Local Law No. 3 (2009) of the Town of Queensbury, which repealed and replaced the zoning law then in effect. Local Law No. 3, among other things, continued the zoning designation of petitioner's property as PR-42A.

Shortly thereafter, petitioner commenced a proceeding challenging respondent's enactment of Local Law No. 3.* Respondent then moved to dismiss the petition in this proceeding, arguing that the enactment of Local Law No. 3 rendered petitioner's challenges to Local Law No. 10 moot. Supreme Court agreed and dismissed the petition, prompting this appeal by petitioner.

A proceeding will not be considered moot where "the rights of the parties will be directly affected by the determination of the [proceeding] and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *accord Wisholek v Douglas*, 97 NY2d 740, 742 [2002]; *Matter of King v Jackson*, 52 AD3d 974, 975 [2008]). Here, although Local Law No. 3 repealed and replaced the zoning law as it existed under Local Law No. 10, it contains the same PR-42A designation of the property as applied under Local Law No. 10. A declaration that the original designation of the property as PR-42A constitutes an unconstitutional regulatory taking speaks to the legality of the property's current zoning designation—which respondent has separately challenged— and thus would have a direct effect on the rights of the parties (*see Matter of Westbury Trombo v Board of Trustees of Vil. of Westbury*, 307 AD2d 1043, 1045 [2003]; *see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 812 [2003], *cert denied* 540 US 1017 [2003]; *Matter of Johnson v Pataki*, 91 NY2d 214, 222 [1997]; *compare Matter of Spaziani v City of Oneonta*, 302 AD2d 846, 847 [2003]). Moreover, as previously noted, petitioner's challenges to Local Law No. 3 are the subject of a separate proceeding currently pending before Supreme Court (Krogmann, J.) and, as the parties have acknowledged, the invalidation of Local Law No. 3 would, by operation of law, revive Local Law No. 10 (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d

* The proceeding challenging Local Law No. 3 remains pending before Supreme Court, Warren County (Krogmann, J.). According to petitioner, the court in that proceeding denied its motion to consolidate the proceedings in light of Supreme Court's decision in this proceeding dismissing the petition as moot.

337, 350 [2003]). Under these circumstances, we cannot say that petitioner's challenges to Local Law No. 10 are moot.

Finally, we note that given that this proceeding and the proceeding challenging Local Law No. 3 involve, at the very least, a common question of law (*see* CPLR 602 [a]; *Matter of Powers v De Groodt*, 43 AD3d 509, 512 [2007]; *Guasconi v Pohl*, 2 AD3d 1202, 1203 [2003]), consolidation of the two proceedings in the interest of judicial economy may be appropriate upon remittal.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision.