*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    518831
_____

In the Matter of THE FUND FOR
    LAKE GEORGE, INC., et al.,
                    Petitioners,
        and

EVELYN JAEGER et al.,
                    Appellants,            MEMORANDUM AND ORDER

        v

TOWN OF QUEENSBURY ZONING BOARD
    OF APPEALS et al.,
                    Respondents.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____


        Lavelle & Finn, LLP, Latham (Robert M. Cohen, Ballston
Lake, of counsel), for appellants.

        Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah
Everhart of counsel), for Town of Queensbury Zoning Board of
Appeals, respondent.

        Bartlett, Pontiff, Stewart & Rhodes, P.C., Glens Falls
(John D. Wright of counsel), for Steven Kitchen and another,
respondents.

                    _____


McCarthy, J.

        Appeal from a judgment of the Supreme Court (Muller, J.),
entered January 7, 2014 in Warren County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR

article 78, to, among other things, review a determination of respondent Town of Queensbury Zoning Board of Appeals granting the request of respondents Steven Kitchen and Jennifer Kitchen for area variances.

Respondents Steven Kitchen and Jennifer Kitchen own real property near Lake George in the Town of Queensbury, Warren County. To facilitate the construction of a residence on the property, the Kitchens applied to respondent Town of Queensbury Zoning Board of Appeals (hereinafter the ZBA) for area variances requesting relief from requirements of the Code of the Town of Queensbury regarding removal of vegetation and setback requirements for stormwater infiltration devices. No variances were necessary for the residence itself. After an extensive public hearing conducted on numerous days over the course of several months, and modifications of the application, the ZBA granted the Kitchens' variance requests.

During these administrative proceedings, petitioner David M. Klein, a professional engineer who claimed to be representing a number of neighbors opposed to the Kitchens' project, requested determinations from the Town's zoning administrator on a number of issues concerning the project. Dissatisfied with the zoning administrator's interpretation of the Town Code, Klein appealed to the ZBA, which dismissed the appeal for lack of standing. Petitioners commenced this proceeding seeking review of the ZBA's determinations to grant the area variances and of the dismissal of Klein's appeal. Supreme Court dismissed the petition. Petitioners appeal.[1]

The ZBA did not err in finding that Klein lacked standing to prosecute an administrative appeal. The Town Code permits appeals by "any person aggrieved" by, among other things, the zoning administrator's decisions (Code of the Town of Queensbury § 179-14-040 [C]). As the Town Code does not define the quoted

_____

[1] Although the notice of appeal was filed on behalf of all petitioners, petitioners The Fund for Lake George, Inc. and Lake George Waterkeeper have not filed a brief and are therefore not parties to this appeal.

phrase, it must be interpreted according to its plain meaning (see Matter of Albany Basketball & Sports Corp. v City of Albany, 116 AD3d 1135, 1137-1138 [2014], lv denied 23 NY3d 907 [2014]). This language seems to be taken directly from Town Law § 267-a (4). This same phrase in that statute has been consistently interpreted to mean a person who "has sustained special damage, different in kind and degree from the community generally" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413 [1987]; see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). Even without establishing an injury in fact, a person is presumed to have standing if he or she falls within the statute's zone of interests and his or her property is sufficiently proximite to the property at issue (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 413-414; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 9 AD3d 651, 652 [2004]).

The notice of appeal to the ZBA listed Klein's engineering firm as the appellant and Klein as the appellant's agent. Klein and his firm did not exhibit any specialized harm and do not own property near the Kitchens' property. Thus, Klein does not have standing in his individual capacity or as an agent for his firm. Klein asserts that at the public hearings and in letters he identified himself as appearing on behalf of neighbors. While this is true, at no point up until the day before the hearing on his appeal did he identify who his clients were. The other petitioners involved in this appeal, who later claimed that Klein was their agent, were not listed on the notice of appeal and did not file a formal designation form naming him as their agent — as the Town generally requires — prior to the expiration of the statute of limitations for appealing an administrative determination. Under the circumstances, the ZBA did not err in finding that Klein was not a duly authorized agent of an aggrieved party during the requisite limitations period for the appeal and was not himself aggrieved, so he had no standing (compare Matter of Madonia v Board of Zoning Appeals of Inc. Vil. of Lindenhurst, 300 AD2d 588, 589 [2002], with Matter of Amodeo v Town Bd. of Town of Marlborough, 249 AD2d 882, 884 [1998]).

The ZBA's decision to grant the area variances had a rational basis. The statutorily prescribed balancing test for area variances requires zoning boards of appeals to consider "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b [3] [b]). While the statute contains five factors that boards must consider (see Town Law § 267-b [3] [b]), zoning boards have discretion in deciding area variance applications and courts will only disturb a board's decision if it is "illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; accord Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1279 [2010]). The hearing minutes and resolution itself show that the ZBA considered the five statutory factors, even if the resolution failed to set forth specific factual findings. Despite that failing in the resolution, we need not annul the determination or remit the matter if the record, including the ZBA's formal return in the CPLR article 78 proceeding, "demonstrates that the ZBA did make specific factual findings supporting its determination" (Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan, 39 AD3d 1041, 1043 [2007]; see Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam, 252 AD2d 913, 914 [1998]).

The requested variances dealt with removal of vegetation and setback and depth requirements for proposed stormwater mitigation devices. Members of the ZBA acknowledged the potential problems from clearing so much vegetation from the property, but were impressed by the Kitchens' extensive efforts to mitigate the impact by including stormwater mitigation measures that do not exist on other neighboring properties.[2] Although the evidence as to the statutory factors seems somewhat evenly split, courts do not engage in their own balancing of the factors, but must yield to the ZBA's discretion and weighing of the evidence. Considering the various information presented at the extensive hearing that was continued over the course of

---

[2] The Town's stormwater mitigation regulations were relatively new and did not exist when most of the neighboring properties were developed.

several months, and giving due deference to the ZBA, the record contains sufficient evidence to find that the ZBA's determination to grant the area variances was rational and not arbitrary (see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan, 39 AD3d at 1043).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court