*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                521373
_____

In the Matter of
   REHABILITATION SUPPORT
   SERVICES, INC.,
                    Appellant,

          v                              MEMORANDUM AND ORDER

CITY OF ALBANY BOARD OF ZONING
   APPEALS,
                    Respondent.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

                    _____


     Lemery Greisler LLC, Albany (James E. Braman of counsel),
for appellant.

     John J. Reilly, Corporation Counsel, Albany (Valerie A.
Lubanko of counsel), for respondent.

                    _____


Lahtinen, J.P.

     Appeal from a judgment of the Supreme Court (Zwack, J.),
entered September 16, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent denying
petitioner's request for, among other things, a use variance.

     Petitioner owns former Public School 22 and an adjacent
parcel on Second Street in the City of Albany.  The properties
are located in an area zoned R-2A for single and two-family
detached dwellings and houses of worship.  In October 2013,
petitioner applied to respondent for, among other things, a use

variance allowing it to raze both the school building and house on the adjacent lot in order to construct a 24-bed community residence for alcohol and substance abuse rehabilitation. Petitioner noted that the prior owner of the school had been granted a use variance in January 2008 to refurbish the school building for a similar purpose, but had then failed to move forward with the project. Following a public hearing, respondent denied petitioner's application in February 2014. Petitioner commenced this proceeding asserting, among other things, that respondent's action was arbitrary because petitioner had satisfied the criteria for a use variance and also that a use variance had been granted to the prior owner. Supreme Court dismissed the petition. Petitioner appeals.

"The law is well settled that '[l]ocal zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion'" (Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1279 [2010], quoting Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; accord Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 824 [2013]). "Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence" (Matter of Ifrah v Utschig, 98 NY2d at 308 [citations omitted]; see Matter of Androme Leather Corp. v City of Gloversville, 1 AD3d 654, 656 [2003], lv denied 1 NY3d 507 [2004]). "To qualify for a use variance, [petitioner] had the burden to show that (1) [it] cannot realize a reasonable return if the property is used for a permitted purpose, (2) the hardship results from unique characteristics of the property, (3) the proposed use will not alter the essential character of the neighborhood, and (4) the hardship has not been self-created" (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005] [citations omitted], lv denied 6 NY3d 701 [2005]; see Code of City of Albany § 375-26 [B] [2] [a]; see also Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d 1360, 1361 [2015]; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 970 [2005]).

Respondent addressed each of the relevant factors regarding a use variance, and its determination that petitioner failed to establish those factors has a rational basis and is supported by substantial evidence. With respect to a reasonable return, petitioner paid a total of slightly over $40,000 for both properties and received almost that amount from Albany County toward those purchases, revealing that it had invested less than $500 in acquiring the properties. Petitioner presented limited and incomplete proof regarding whether a reasonable return could be realized on this small investment by any of the allowable uses within the zone. Respondent acknowledged that a potential hardship resulted from the old, unused school building, but noted that petitioner's plan included demolishing such building and that, once demolished, the site could be used for a conforming use. Moreover, the project included the adjoining property where a single family residence would be razed, which would result in a nonconforming use replacing a conforming use.

Although respondent had determined in 2008 that a community rehabilitation residence would not alter the essential character of the neighborhood, respondent sufficiently distinguished the current application made about six years later. In the interim, several other similar residences had been approved in the community resulting in a saturation of such uses. Furthermore, the current application resulted in removal of the historical school building whereas the earlier application included refurbishing the structure. At the time that petitioner acquired the property, it was aware that its project would be a nonconforming use. Respondent rationally decided that petitioner's hardship was self-created. Upon review of the record and according appropriate deference to respondent's determination, we are unpersuaded that Supreme Court erred in dismissing the petition.

McCarthy, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court