Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals (2018 NY Slip Op 03589)





Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals


2018 NY Slip Op 03589


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525566

[*1]In the Matter of COOPERSTOWN EAGLES, LLC, Appellant,
v
VILLAGE OF COOPERSTOWN ZONING BOARD OF APPEALS et al., Respondents.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Douglas H. Zamelis, Cooperstown, for appellant.
Martin H. Tillapaugh, Cooperstown, for respondents.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Burns, J.), entered August 14, 2017 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Village of Cooperstown Zoning Board of Appeals denying petitioner's request for, among other things, an area variance.
Petitioner is a domestic limited liability company that owns certain real property located at 25 Chestnut Street in the Village of Cooperstown, Otsego County. The property is located in the Village's business zoning district and consists of a two-floor structure with a dental office on the ground floor and two residential apartments — a one-bedroom unit and a two-bedroom unit — on the second floor. In December 2016, petitioner
submitted an application to respondent Village of Cooperstown Zoning Enforcement Officer (hereinafter the ZEO) seeking a tourist accommodation special use permit that would allow it to rent the property's two-bedroom apartment as a "tourist accommodation" — i.e., a short-term rental of seven days or less, as opposed to the otherwise applicable 30-day minimum rental. The ZEO denied petitioner's application for a special use permit on the ground that the property was not "owner-occupied," as required by the Code of the Village of Cooperstown.
In March 2017, petitioner appealed to respondent Village of Cooperstown Zoning Board of Appeals (hereinafter the ZBA) for, among other things, approval of its special use permit and an area variance relieving petitioner from the owner-occupancy requirement applicable to tourist accommodations. On May 8, 2017, following a public hearing, the ZBA denied petitioner's [*2]appeal determining, among other things, that it was not entitled to an area variance relieving it from the applicable owner-occupancy requirement. As a result, petitioner thereafter conveyed a 25% ownership interest in the subject property to the tenant of its one-bedroom apartment and, on May 16, 2017, submitted a second application to the ZBA seeking a special use permit based on the fact that the property was now in compliance with the requisite owner-occupancy requirement [FN1]. Following another public hearing on June 6, 2017, the ZBA granted the second application and issued petitioner a tourist accommodation special use permit. Two days later, petitioner commenced this CPLR article 78 proceeding seeking, among other things, a determination that the ZBA erred in denying its initial application for an area variance. Respondents answered, contending, among other things, that because petitioner's second application for a tourist accommodation special use permit was granted, petitioner had obtained the precise relief that it had previously requested in its initial application, thereby rendering this proceeding moot. Supreme Court agreed with respondents and dismissed the petition as moot. Petitioner now appeals.
Initially, we disagree with Supreme Court's determination that the ZBA's June 2016 grant of petitioner's tourist accommodation special use permit rendered this CPLR article 78 proceeding moot. Generally speaking, a proceeding will not be rendered moot where "the rights of the parties will be directly affected by the determination of [the proceeding] and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; accord Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039 [2017]; Matter of City of Glens Falls v Town of Queensbury, 90 AD3d 1119, 1120 [2011]).
Here, the property rights that attach upon the issuance of an area variance compared to the issuance of a special use permit are distinct (compare Village Law § 7-712-b [3] and Code of the Village of Cooperstown §§ 300-66 [C] [1], with Village Law § 7-725-b and Code of the Village of Cooperstown § 300-84). The issuance of a tourist accommodation special use permit requires, among other things, that an applicant comply with the Code's owner-occupancy requirement and that each applicant renew their registration on an annual basis (see Code of the Village of Cooperstown § 300-17 [A] [1] [a], [d]; [4] [a]). The issuance of an area variance, on the other hand, would vest petitioner with an immediate property right relieving it from the Code's owner-occupancy requirement, without any corresponding temporal limitation or renewal requirement (see Code of the Village of Cooperstown § 300-66 [C] [1]). Moreover, the issuance of "a variance is not personal to the owner-applicant; it runs with the land" (Matter of Johnson v Town of Queensbury Zoning Bd. of Appeals, 8 AD3d 741, 743 [2004] [internal quotation marks, brackets and citation omitted]; see Matter of St. Onge v Donovan, 71 NY2d 507, 520 [1988]). Thus, a judicial determination in petitioner's favor would immediately vest petitioner with a property right greater and more valuable than what it presently possesses. Contrary to respondents' assertion, therefore, the issuance of the June 2016 special use permit did not grant petitioner the exact same relief that it requested in its initial application before the ZBA. Accordingly, we find that the mootness doctrine was not implicated by the ZBA's subsequent grant of petitioner's tourist accommodation special use permit (see Matter of Cobleskill Stone [*3]Prods., Inc. v Town of Schoharie, 126 AD3d 1094, 1095-1096 [2015]; Matter of City of Glens Falls v Town of Queensbury, 90 AD3d at 1120).
Turning to the merits, petitioner contends that the ZBA's determination denying its application for an area variance from the owner-occupancy requirement for tourist accommodations constituted an abuse of discretion inasmuch as the record establishes that the ZBA succumbed to generalized community pressure and failed to, among other things, consider the substantial economic benefit to petitioner or otherwise cite to any evidence that the variance would negatively impact the health, safety and welfare of the neighborhood or community. It is well-settled that "[l]ocal zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; accord Matter of Rehabilitation Support Servs., Inc. v City of Albany Bd. of Zoning Appeals, 140 AD3d 1424, 1425 [2016]; Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 824 [2013]). "In determining whether to grant an area variance, a zoning board must weigh the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted and must also consider five statutory factors" (Matter of Russo v City of Albany Zoning Bd., 78 AD3d 1277, 1279 [2010] [citations omitted]; see Village Law § 7-712-b [3] [b]; cf. Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [2015], lv denied 25 NY3d 1039 [2015])[FN2]. So long as a zoning board's determination has a rational basis and is fully supported by the record, it will not be disturbed upon judicial review (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Ifrah v Utschig, 98 NY2d at 308; Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1290 [2015]).
At the May 2017 hearing, petitioner's attorney raised — and the ZBA considered — all five of the relevant statutory provisions in considering the merits of petitioner's application for an area variance (see Village Law § 7-712-b [3] [b]; Code of the Village of Cooperstown § 300-66 [C] [1] [b]). The substantial nature of the requested variance was referenced at the outset of the ZBA's deliberation on the application, as well as numerous other times throughout the hearing. Susan Snell, the chair of the ZBA, indicated that the applicable owner-occupancy requirement served as the "cornerstone" of the tourist accommodation special use permit insofar as it is the primary control mechanism relied upon for purposes of reducing or attempting to reduce the [*4]negative impact of short-term or transient rentals (i.e., noise and disturbance complaints) in the Village [FN3]. The ZBA considered that, if petitioner's area variance were granted, there would be no point of contact on location to deal with any problems or issues that arose during any subsequent short-term rentals. The ZBA further noted that, although petitioner's members own and operate the business next door, this did not provide an adequate safeguard to mitigate the relevant issues. The Village attorney, in his responding affirmation, also indicated that, upon enactment of the owner-occupancy provision, there was "an immediate and nearly total reduction in the number of noise and disturbance complaints received in relation to short[-]term rentals because the owner, having a vested interest, is present to address problems."
The ZBA further recognized that petitioner stood to earn more income should the area variance be granted; however, it concomitantly recognized that these economic benefits could be achieved by methods other than granting an area variance — namely, petitioner "living there" at the property, in compliance with the owner-occupancy requirement. Even assuming petitioner's compliance with the owner-occupancy requirement was somehow infeasible, the ZBA noted that it would not serve to deny petitioner all economic benefit as petitioner was not precluded from continuing its historic practice of leasing the premises as a long-term rental (see Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem, 83 AD3d 1267, 1269-1270 [2011])[FN4]. Moreover, the ZBA rationally determined that any alleged difficulty or hardship was self-created. Snell indicated that tourist accommodation special use permits have been issued/allowed in the business district dating back to 1989, and the Village attorney averred that the present owner-occupancy requirement was adopted in 2003, prior to petitioner acquiring the subject property (see Matter of Bivona v Town of Plattekill Zoning Bd. of Appeals, 268 AD2d 877, 880-881 [2000]; cf. Matter of Rehabilitation Support Servs., Inc. v City of Albany Bd. of Zoning Appeals, 140 AD3d at 1426; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 971 [2005]).
Given the sparsity of evidence that granting the area variance would produce an undesirable change in the character of the neighborhood or detrimentally affect nearby properties, and the ZBA's acknowledgment that granting same would not have any adverse affect on the physical or environmental condition of the neighborhood, the applicability of the statutory factors was fairly evenly split. Courts, however, should "not engage in their own balancing of the factors, but must yield to the ZBA's discretion and weighing of the evidence" (Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d at 1155), "even if the court would have decided the matter differently in the first instance" (Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem, 83 AD3d at 1268). Accordingly, although the ZBA's resolution failed to set forth its specific factual findings, a review of the minutes of the [*5]May 2017 hearing and the ZBA's papers filed in response to the instant CPLR article 78 petition (see Matter of Fund for Lake George Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d at 1154; Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan, 39 AD3d 1041, 1043 [2007]; Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam, 252 AD2d 913, 914 [1998]) establishes that the ZBA appropriately applied the relevant balancing test and considered all five applicable statutory factors. Accordingly, we find that the ZBA's decision to deny petitioner's application for an area variance was not irrational, arbitrary or an abuse of discretion and, therefore, we decline to disturb its determination (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 615; Matter of Braunstein v Board of Zoning Appeal of the Town of Copake, 100 AD3d 1091, 1093-1094 [2012]).
Garry, P.J., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's "Membership Joiner Agreement" with the tenant provided, among other things, that the tenant shall obtain a 25% ownership interest in petitioner, but shall have no say in the operation of the business or share in any income or losses, and that his interest may be terminated at any time by a vote of the majority of the members having ownership interests therein.

Footnote 2: Village Law § 7-712-b (3) (b) provides, in relevant part, that "[i]n making such determination the [zoning] board [of appeals] shall . . . consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (accord Code of the Village of Cooperstown § 300-66 [C] [1] [b]).

Footnote 3: Additionally, Snell indicated that the requested area variance presented a matter of first impression for the ZBA as it had not had occasion to previously consider the merits of granting or denying an area variance with respect to the owner-occupancy requirement.

Footnote 4: Petitioner's compliance with the owner-occupancy requirement clearly did not prove infeasible as evidenced by its ability to subsequently comply with this requirement and submit a second application for a tourist accommodation special use permit, all within eight days after the ZBA's denial of its first application.