Matter of Wen Mei Lu v City of Saratoga Springs (2018 NY Slip Op 04415)





Matter of Wen Mei Lu v City of Saratoga Springs


2018 NY Slip Op 04415


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525651

[*1]In the Matter of WEN MEI LU et al., Appellants,
v
CITY OF SARATOGA SPRINGS et al., Respondents, et al., Respondent.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Whiteman Osterman & Hanna LLP, Albany (Jon E. Crain of counsel), for appellants.
Vincent J. DeLeonardis, City Attorney, Saratoga Springs, for City of Saratoga Springs and others, respondents.
Braymer Law, PLLC, Glens Falls (Claudia K. Braymer of counsel), for Matt Sames and another, respondents.




MEMORANDUM AND ORDER
Mulvey
, J.
Appeal from a judgment of the Supreme Court (Chauvin, J.), entered July 11, 2017 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the City of Saratoga Springs granting an application by respondents Matt Sames and Pet Lodges, Inc. for area variances.
Respondents Matt Sames and Pet Lodges, Inc. (hereinafter collectively referred to as the applicants) own real property comprised of six contiguous parcels in the City of Saratoga Springs, Saratoga County. The property, which was commonly owned prior to the adoption of respondent City of Saratoga Springs' current zoning ordinance, is approximately 105 feet wide and located within two zoning districts. The roughly 285-foot westerly portion of the property situated closer to State Route 9 is located within the Tourist Related Business District, and the remaining 359-foot portion to the east is located within the Rural Residential District. In 2016, the applicants submitted an application to respondent Steve Shaw, the City's Zoning and Building Inspector, seeking approval of the proposed construction of a pet boarding facility on the property. Shaw denied the application on the ground that the proposed project required area variances for certain setback requirements. Thereafter, the applicants applied to respondent [*2]Zoning Board of Appeals of the City of Saratoga Springs (hereinafter the ZBA) for the required area variances. Petitioners, owners of a neighboring parcel of property, submitted letters to the ZBA opposing the application on the basis that the proposed project required a use variance and that the applicants, in any event, failed to demonstrate their entitlement to an area variance. Following public hearings and after applying the statutorily prescribed criteria for an area variance (see General City Law § 81-b [4] [b]), the ZBA granted the requested area variances. Petitioners subsequently commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination. Supreme Court dismissed the petition, and this appeal by petitioners ensued.
We affirm. "The law is well settled that local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Rehabilitation Support Servs., Inc. v City of Albany Bd. of Zoning Appeals, 140 AD3d 1424, 1425 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Vomero v City of New York, 13 NY3d 840, 841 [2009]; Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Thus, a zoning board's determination will not be disturbed upon judicial review if it has a rational basis and is supported by the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1281 [2011]).
Initially, we find that the ZBA rationally determined that a use variance is not required for the proposed project. Under the City's zoning ordinance, animal kennels are permitted in districts zoned as Rural Residential, but are prohibited in Tourist Related Business districts (see City of Saratoga Springs Zoning Ordinance § 2.2 [E] [1]). The zoning ordinance further provides that where, as here, "a zoning district boundary line divides a lot or land in single ownership as existing at the time of this enactment, the district requirements on either side of the boundary may be construed, at the property owner's option, as extending into the remaining portion of the property for a distance not exceeding 100 feet" (City of Saratoga Springs Zoning Ordinance § 1.7 [D]). The applicants chose the option to extend the boundary of the Rural Residential District 100 feet to the west. As a result, the animal kennel will be located entirely on the portion of the property within the Rural Residential District, where it is an expressly permitted use. While a small portion of the facility's parking area and the driveway providing ingress and egress to Route 9 will lie within the Tourist Related Business District, the ZBA could rationally find that such accessory uses within a Tourist Related Business zone were not prohibited under the zoning ordinance (see generally Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]; Matter of Meier v Village of Champlain Zoning Bd. of Appeals, 129 AD3d 1364, 1365 [2015]). In any event, the ZBA noted that "any land use in the adjacent [Rural Residential] zone, including a residence, would also require access over the differing zone," and it is settled that zoning boards of appeal "'are invested with the power to vary zoning regulations in specific cases in order to avoid unnecessary hardship or practical difficulties arising from a literal application of the zoning law'" (Matter of Kodogiannis v Zoning Bd. of Appeals of Town of Malta, 42 AD3d 739, 739-740 [2007], quoting Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 90 [2001]; accord Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 885 [2008]). Under these circumstances, the ZBA's determination that only area variances were required for the proposed project is both rational and supported by the record (see Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892 [2016]; Matter of Jacoby Real Prop., LLC v Malcarne, 96 AD3d 747, 749 [2012]).
Addressing the merits of the application, we find that the ZBA's determination to grant [*3]the area variances also has a rational basis in the record. In considering an application for an area variance, a zoning board of appeals is required to weigh the benefit to the applicants against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted, while also considering five statutory factors (see General City Law § 81-b [4] [b]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613; Matter of Ifrah v Utschig, 98 NY2d at 307-308). Here, the record supports the ZBA's conclusion that the proposed variance would not produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, as the subject property was surrounded by other commercial establishments — including petitioners' restaurant, a consignment shop and a veterinary clinic — and would be only minimally visible from the road. As further determined by the ZBA, the existing building envelopment was too small to construct a usable building and there were no feasible means to expand the property through land acquisition or other alternatives. The ZBA acknowledged that the requested relief was substantial, but noted that the structure to be built on the site will meet the required side setback for the only occupied neighboring parcel, while also recognizing that the configuration and substandard width of the subject property predated the City's current zoning ordinance. For this latter reason, the ZBA properly concluded that the need for the variances was not self-created. Lastly, with regard to whether the proposed kennel will have an adverse impact on the physical or environmental conditions in the neighborhood, the ZBA found that the potable water and sanitary sewer requirements could be met and relied on letters submitted by neighbors of other Pet Lodge kennels indicating that there would not be "excess noise, smell or the presence of loose dogs." Based upon the foregoing, we conclude that the ZBA properly applied the balancing test and appropriately considered the relevant statutory factors, and that its decision to grant the area variances was not irrational, arbitrary or an abuse of discretion (see Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099, 1102-1103 [2017]; Matter of Fund for Lake George, Inc. v Town of Queensbury Zoning Bd. of Appeals, 126 AD3d 1152, 1154 [2015], lv denied 25 NY3d 1039 [2015]; Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d at 886; Matter of Clute v Town of Wilton Zoning Bd. of Appeals, 197 AD2d 265, 269 [1994]; Matter of O'Keefe v Donovan, 199 AD2d 681, 682-683 [1993]).
McCarthy, J.P., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.