■ In the Matter of DEBORAH JONES, Respondent, v PLAN-NING BOARD OF THE TOWN OF MARLBOROUGH et al., Appellants. [609 NYS2d 972] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 1, 1992 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the Town of Marlborough denying petitioner's request for certificates of permanent occupancy.

Petitioner is the owner of a 0.42-acre parcel of property in an R-AG1 (rural agricultural) zoning district—which has a

minimum lot size requirement of one acre per dwelling unit— in the Town of Marlborough, Ulster County. On the property are three free-standing, one-bedroom dwelling units, which were constructed prior to the Town's adoption of its zoning ordinance and for which the Town has granted seasonal occupancy permits. When, shortly after purchasing the property, petitioner commenced renovation and repair of these units with the intention of adapting them for year-round use, respondent Town Building Inspector directed her to apply to respondent Town Planning Board for certificates of permanent occupancy in accordance with Town of Marlborough Code § 114-15 (D) (2), which outlines the conditions under which seasonal dwellings may be converted to permanent occupancy and which requires Planning Board approval for the issuance of such certificates.

Petitioner so applied, and after several meetings at which the matter was discussed and petitioner's submissions were considered, the Planning Board denied her application. Although the Planning Board's letter of denial, and minutes of its meetings, do not make the grounds for the denial entirely clear, it appears to have been based in large part on a determination that the change to permanent occupancy constituted an impermissible extension of a prior nonconforming use of the property. Respondents also argue on appeal that the nonconforming use had been abandoned prior to petitioner's application for occupancy certificates; although this factor was discussed by the Planning Board at prior meetings, there is no indication that it was a basis for the determination, nor would it have been a valid one, as hereinafter noted.

Petitioner instituted this CPLR article 78 proceeding seeking review of the Planning Board's decision and an order compelling respondents to issue certificates of permanent occupancy. Following denial of their motion to dismiss the petition on the ground that petitioner had failed to exhaust available administrative remedies, respondents answered the petition. Finding that the portion of the zoning ordinance which governs the conversion of seasonal dwelling units to permanent occupancy imposes no density requirements, and that no rational basis was advanced for denying petitioner's application, Supreme Court granted the petition. Respondents appeal.

By providing for Planning Board approval and mandating that certain health, welfare and safety requirements be met to the satisfaction of the Planning Board before an application for permanent occupancy can be approved (see, Town of Marl-

borough Code § 114-15 [D] [2] [b]), the pertinent section of the Town's Code implies that Planning Board disapproval of an application is to be binding upon the Building Inspector. Additionally, it is apparent from the record that the Building Inspector himself considered the Planning Board's decision binding, as did the Planning Board, which undertook to inform petitioner directly that her application had been denied. Inasmuch as the Town Code explicitly does not permit an appeal to the Zoning Board of Appeals from a Planning Board decision *(see,* Town of Marlborough Code § 114-35 [E]), it cannot be said that petitioner failed to exhaust her administrative remedies.

Turning to the merits of the petition, we find unconvincing respondents' claim that petitioner's use of her property is a "prior nonconforming use". The ordinance specifically makes a distinction between a nonconforming use and a nonconforming structure *(see,* Town of Marlborough Code art VI; *see also,* 1 Anderson, American Law of Zoning § 6.01, at 448 [3d ed]), and although the property itself, and the buildings thereon, are not in conformance with the zoning requirements, the *use* of those buildings as single-family dwellings is a permitted use within an R-AG1 district *(see,* Town of Marlborough Code § 114-10 [C] [2] [f]). The Town's ordinance, unlike that under consideration in *Matter of Castore v Breite* (167 AD2d 799, *lv denied* 77 NY2d 806), does not specifically define a "bungalow colony", or anything else which could reasonably be interpreted as encompassing the units involved herein, as a different *use* of the property *(see also, Matter of Allen v Hattrick,* 87 AD2d 575, 575-576). Hence, the provisions relating to abandonment of nonconforming uses and prohibiting their extension are inapplicable.

Furthermore, review of the Town's zoning ordinance reveals no limitation on a property owner's right to change the use of a nonconforming structure from one permitted use to another. The only restrictions placed on nonconforming structures pertain to reconstruction after the structure is destroyed or damaged beyond repair, and to the enlargement of a nonconforming residence *(see,* Town of Marlborough Code §§ 114-27, 114-28). Consequently, even if the conversion from seasonal to permanent occupancy does represent a change of use *(see, Matter of Castore v Breite, supra,* at 801; *but see, Matter of Allen v Hattrick, supra,* at 575), the only limitations which the zoning ordinance places on such a change are those specifically relating to the application for and acquisition of permanent occupancy certificates *(see,* Town of Marlborough Code

§ 114-15 [D]), namely that a floor plan must be provided, and that the Planning Board may impose conditions with regard to safe ingress and egress, protection from the elements and conformance with heating, plumbing, water, sewage and lighting codes for new construction.

Viewed from the standpoint of whether compliance has been had with these requirements, we agree with Supreme Court's assessment that the record contains no evidence justifying the Planning Board's denial of petitioner's application. This is not, however, as petitioner argues, entirely dispositive of the matter, for the Planning Board has not made any findings with respect to the foregoing requirements and it must be afforded an opportunity to do so (see, Matter of Viscio v Town of Guilderland Planning Bd., 138 AD2d 795, 798).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by remitting the matter to respondent Planning Board of the Town of Marlborough for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.