■ In the Matter of CARY NADELL et al., Respondents, v WAYNE HORSLEY et al., Appellants. [694 NYS2d 421] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon Zoning Board of Appeals dated November 21, 1997, which, inter alia, denied the petitioners a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Kitson, J.), dated July 21, 1998, which annulled the determination.

Ordered that the judgment is modified, on the law, by adding a provision thereto that the matter is remitted to the Town of Babylon Zoning Board of Appeals for a new hearing and determination in accordance herewith; as so modified, the judgment is affirmed, with costs to the appellants.

In questions relating to the interpretation of the terms of a zoning ordinance, a determination by a Zoning Board of Appeals is entitled to " 'great weight and judicial deference as long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute' (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545; see, Appelbaum v Deutsch, 66 NY2d 975, 977). Its determination, moreover, must be sustained if it has a rational basis and is supported by substantial evidence" (Matter of Toys "R" Us v Silva, 89 NY2d 411, 418-419).

Courts, "in keeping with the sound public policy of eventu-

ally extinguishing all nonconforming uses of property, will enforce municipal ordinances which restrict a landowner's ability to expand or intensify a prior existing nonconforming use (*see, Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160; *Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, *affd* 51 NY2d 278)" (*Matter of Smith v Board of Appeals,* 202 AD2d 674, 676).

Here, the Board found that the petitioners' subdivision improperly increased the area of the lot devoted to the nonconforming use in contravention of the 25% limit permitted by section 213-23 (B) of the Town of Babylon Code. Accordingly, the Board's conclusion that the subdivision into the smaller parcel invalidated the prior nonconforming use and that continuation of the use as a three-family residence required a use variance under the Zoning Code may not be disturbed since it has a rational basis and is supported by substantial evidence in the record.

It is uncontroverted that the petitioners were not advised until after the hearing that the Board had determined the prior nonconforming use invalid and that it decided the issue of a use variance in the absence of an application for such relief and without providing the petitioners an opportunity to submit the appropriate evidence in support of a use variance (*see,* Town Law § 267-b [2]). The Board's decision to deny the petitioners a use variance, under the circumstances of this case, was improper.

Accordingly, the matter is remitted for a proper hearing on the subject of the use variance. Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.