■ In the Matter of RACHEL K. WASSERMAN et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF DOBBS FERRY, Respondent, and CHARLES POLSEN et al., Appellants. (Proceeding No. 1.) In the Matter of ALLEN W. HALE et al., Respondents, v EDWARD PLOTKIN et al., Respondents, and CHARLES POLSEN et al., Appellants. (Proceeding No. 2.) [722 NYS2d 578] —In two related proceedings pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Dobbs Ferry granting preliminary subdivision approval, Charles Polsen and Joan Polsen appeal from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated June 25, 1999, which granted the petitions and, in effect, annulled the determination.

Ordered that the judgment is affirmed, with one bill of costs payable to the petitioners-respondents appearing separately and filing separate briefs.

The Planning Board of the Village of Dobbs Ferry (hereinafter the Planning Board) granted preliminary subdivision approval to the appellants, Charles Polsen and Joan Polsen, owners of a parcel of real property of approximately three acres in Dobbs Ferry. Although the resulting one-acre and two-acre lots had no street frontage, they could fall within the exemption to the Village's minimum frontage requirement as long as both lots had existed as "separate tax parcels or subdivided lots on September 15, 1987," the effective date of the current street frontage statute, or there was a subsequent resubdivision of those lots (*see,* Code of Vil of Dobbs Ferry § 300-31).

There was no formal subdivision of the parcel, but the Planning Board determined that a 1956 private land survey map constituted a "de facto subdivision" such that the subject prop-

erty fell within the exemption of section 300-31 (B). The owners of adjoining parcels commenced these CPLR article 78 proceedings to review the Planning Board's determination. The Supreme Court granted the petitions and, in effect, annulled the determination. We affirm.

The private land survey map does not constitute a subdivision for purposes of section 300-31 (B) since it was never filed or approved by the Planning Board (see, Real Property Law § 334; Village Law § 7-728 [4] [a]; Code of Vil of Dobbs Ferry § 268-23). Nor was the tax parcel exception applicable. While the property consisted of two tax lots, 89 and 90, they were not separately assessed, and the configuration of those lots bore no resemblance to the proposed subdivision. Indeed, the tax map shows "lot 90" to be merely a small patch of land adjoining the access strip, with "lot 89" being comprised of the vast majority of the three acres. Since there was no existing "separate tax parcels or subdivided lots" (Code of Vil of Dobbs Ferry § 300-31 [B] [2]), the owners' contention that the Planning Board's action constituted a "resubdivision" for purposes of the statute is without merit.

Accordingly, the Planning Board's determination granting the appellants' application was properly annulled. While great deference is afforded to an interpretation of zoning ordinances by a local planning or zoning board, the interpretation cannot be upheld where, as here, it is irrational and inconsistent with governing statutes (see Appelbaum v Deutsch, 66 NY2d 975; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539; Matter of Frishman v Schmidt, 61 NY2d 823; Matter of Nadell v Horsley, 264 AD2d 422).

The appellants' remaining contentions are without merit. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.