■ In the Matter of Robert J. Heitzman, Appellant, v Town of Lake George Zoning Board of Appeals et al., Respondents.

[766 NYS2d 452] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered March 4, 2003 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Lake George Zoning Board of Appeals denying petitioner's request for an area variance.

In March 2002, petitioner's cottage, which was located in the Town of Lake George, Warren County, was destroyed by fire. Pursuant to the Town's zoning code, a nonconforming use, such as the cottage, may be rebuilt on the existing footprint without any variances if the nonconforming use is damaged by fire. Petitioner, however, concluded that rebuilding the cottage was impractical. He therefore applied for five area variances—rear setback, right side yard setback, left side yard setback, height and density. Respondent Town of Lake George Zoning Board of Appeals (hereinafter respondent) denied the application. In August 2002, petitioner submitted a second application for the five area variances, requesting less of an increase in height and density. Following public hearings on the matter, respondent denied petitioner's second application as well. Petitioner thereafter commenced this CPLR article 78 proceeding, seeking review of respondent's second determination. Supreme Court dismissed the petition. Petitioner appeals and we now affirm.

It is well settled that "[a] decision of a zoning board of appeals may be disturbed only if it is arbitrary and capricious, irrational or wholly unsupported by the record" (*Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester,* 276 AD2d 897, 898 [2000]; *see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]). Town Law § 267-b (3) (b) provides that, in determining whether to grant an area variance, "the zoning board of appeals shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant." The board is also required to consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or

district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

Our review of the record reveals that respondent properly applied the balancing test and considered the relevant factors in making its determination. Petitioner sought to construct a larger, significantly taller residence on a small noncompliant lot where the maximum lot coverage was already exceeded. Petitioner's cottage was located in an area that consists of structures that are predominantly small, single-story residences that are very close together and located on largely noncompliant lots. Noting the Town's attempt to strictly limit further development of the area, respondent concluded that granting the variances would lead to an undesirable change in the character of the community and have an adverse impact on physical conditions in the neighborhood. Respondent reasoned that an increase in lot coverage and density would be inconsistent with the community's efforts to limit noncompliant growth. Respondent also relied upon the testimony of other residents that the proposed construction would constitute an undesirable visual intrusion and have a negative impact on the area's visual aesthetics.

As further determined by respondent, the requested variances were substantial—the proposed structure would exceed the maximum allowable lot coverage by 15%. Rejecting as unsubstantiated petitioner's argument that new construction requirements render rebuilding the cottage unfeasible, respondent concluded that a viable alternative existed because the zoning code permitted petitioner to rebuild on the original footprint. Under the circumstances presented here, we cannot say that respondent overlooked any of the relevant factors or that the determination lacks a rational basis and evidentiary support in the record (see Matter of Ifrah v Utschig, supra at 308-309; Matter of Sasso v Osgood, supra at 384 n 2; Matter of Chase v Zoning Bd. of Appeals of Town of Wilton, 264 AD2d 929, 929-930 [1999]; Matter of Rogers v Baum, 234 AD2d 685, 687-688 [1996]).

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.