■ In the Matter of CHRISTINE DAWSON et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF SOUTHOLD, Appellant. [785 NYS2d 84]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southold dated October 3, 2002, the Zoning Board of Appeals of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 30, 2003, which annulled the determination and directed it to issue a certificate of occupancy for the petitioners' cottage.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the Zoning Board of Appeals of the Town of Southold to issue a certificate of occupancy for the petitioners' cottage and substituting therefor a provision directing the Zoning Board of Appeals of the Town of Southold to direct the Building Department of the Town of Southold to issue a certificate of occupancy for the petitioners' cottage as an accessory use to the primary residential building on the subject lot; as so modified, the judgment is affirmed, with costs to the petitioners.

The Supreme Court properly concluded that the determination of the Zoning Board of Appeals of the Town of Southold (hereinafter the ZBA) to grant the petitioners a conditional area variance for their cottage was arbitrary, capricious, and not supported by substantial evidence. With respect to the interpretation of the terms of a zoning ordinance, a determination by a Zoning Board of Appeals is entitled to great weight provided that such interpretation is neither irrational, unreasonable, nor inconsistent with the governing statute (*see Matter of Nadell v Horsley,* 264 AD2d 422 [1999]; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539, 545 [1984]). Its determination must be sustained if it has a rational basis and is supported by substantial evidence (*see Matter of Nadell v Horsley, supra*).

The cottage, a residential dwelling situated on the same lot as a primary residential dwelling, constituted a nonconforming building rather than a nonconforming use (*see Amzalak v Incorporated Vil. of Val. Stream,* 220 NYS2d 113 [1961]; Southold Town Code §§ 100-13, 100-240 *et seq.*). Since the ZBA unreasonably and erroneously determined that the cottage fell into the latter category, it incorrectly focused upon whether the cottage had been abandoned for at least two years rather than whether it had been continuously maintained (*see* Southold Town Code § 100-13). Since no evidence was presented before the ZBA refuting the petitioners' claim that the cottage had been continuously maintained, the petitioners were entitled to a certificate of occupancy for the cottage as an accessory use to the primary residential building on the subject lot.

Moreover, while the Supreme Court properly annulled the ZBA's determination, it erred in directing the ZBA to issue a certificate of occupancy. The Building Department of the Town of Southold, not the ZBA, is vested with the authority to issue certificates of occupancy. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.