In the Matter of ISLE HARBOR HOMEOWNERS et al., Appellants, v TOWN OF BOLTON ZONING BOARD OF APPEALS et al., Respondents. [790 NYS2d 585]—

Rose, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered July 19, 2004 in Warren County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Bolton Zoning Board of Appeals denying petitioners' request for an area variance.

Petitioner Dolores Kunker (hereinafter petitioner) owns a parcel of land on Lake George in the Town of Bolton, Warren County. In July 2003, petitioner applied to respondent Town of Bolton Zoning Board of Appeals (hereinafter respondent) for an area variance to build a metal cantilever dock to replace a wooden dock that had been destroyed by ice. Respondent denied

the application, but indicated that petitioner could rebuild the wooden dock as it had previously existed. Subsequently, petitioner resubmitted the application, along with redesigned plans for a metal dock that could be rolled out of the water, which respondent again denied. Thereafter, petitioner commenced this CPLR article 78 proceeding, challenging respondent's determination as arbitrary and capricious. Supreme Court dismissed the petition, prompting this appeal.

A zoning board has broad discretion to grant or deny an application for an area variance and such determination will be upheld as long as it is not arbitrary and capricious or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Johnson v Town of Queensbury Zoning Bd. of Appeals*, 8 AD3d 741, 742 [2004]; *Matter of Heitzman v Town of Lake George Zoning Bd. of Appeals*, 309 AD2d 1126, 1127 [2003]). The record presented here reveals that respondent properly considered the relevant statutory factors and balanced the proposed benefit to petitioner against the potential detriment to the surrounding community (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 613; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307 [2002]). In denying petitioner's application, respondent reasoned that a metal dock would potentially create more noise than a wooden dock, that sunlight reflected off a metal dock would be a potential nuisance for petitioner's neighbors and that the physical appearance of a metal dock did not aesthetically conform with the surroundings. Finally, respondent concluded that petitioner's hardship was self-created and that the benefit she sought could be feasibly obtained since respondent indicated that it would not oppose an application to rebuild the wooden dock. Insofar as respondent's determination was neither irrational nor arbitrary and capricious (*see Matter of Ifrah v Utschig, supra* at 308), Supreme Court properly dismissed the petition.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.