■ In the Matter of Robin Wambold, Appellant, v Village of Southampton Zoning Board of Appeals et al., Respondents. [32 NYS3d 628]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Southampton dated July 25, 2013, which, after a hearing, granted the application of Philip M. Edwards and Nina S. Edwards for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered August 11, 2014, which denied her petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In December 2012, Philip M. Edwards and Nina S. Edwards (hereinafter together the Edwardses), applied to the Zoning Board of Appeals of the Village of Southampton (hereinafter the Zoning Board) for an area variance allowing them to demolish an existing cottage on their property and replace it with a larger cottage on a different part on their property. After a hearing, the Zoning Board granted the Edwardses' application. The petitioner, who owns the property adjacent to the subject property and who opposed the application, commenced this CPLR article 78 proceeding seeking review of the determination granting the application. The Supreme Court denied the petition and dismissed the proceeding.

Contrary to the petitioner's contention, the Zoning Board's determination that the Edwardses required an area variance rather than a use variance had a rational basis in the record, and was not arbitrary and capricious (*see Matter of Dawson v Zoning Bd. of Appeals of Town of Southold*, 12 AD3d 444, 445 [2004]; *Matter of Jones v Planning Bd. of Town of Marlborough*, 203 AD2d 626, 628 [1994]). The Edwardses were not seeking to change the essential use of the property (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351 [1996]; *Matter of Hoffman v Harris*, 17 NY2d 138, 146 [1966]; *Matter of Jacoby Real Prop., LLC v Malcarne*, 96 AD3d 747 [2012]; *Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals*, 293 AD2d 679, 679-680 [2002]).

The Zoning Board's determination to grant the area variance also had a rational basis. "[Z]oning boards have broad discretion in considering applications for area variances" (*Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower Hill*, 32 AD3d 855, 856 [2006]). In making a determination as to whether to grant an area variance, zoning boards are required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community. The zoning board must consider the following five factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance

is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3] [b]; *see Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 608 [2008]).

Here, the Zoning Board engaged in the required balancing test and considered the relevant statutory factors. While we agree with the petitioner that the proposed variance was substantial, there was no evidence that the granting of the variance would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community. In fact, as noted by the Zoning Board, the proposed variance would have a beneficial impact on the environment by eliminating wetlands set-back nonconformities and removing the existing septic system, which is located within the wetlands regulated area (*see Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 694 [2007]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the CPLR article 78 petition and dismissed the proceeding. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.