Matter of Kleinknecht v Brogan (2018 NY Slip Op 06907)





Matter of Kleinknecht v Brogan


2018 NY Slip Op 06907


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2015-12276
 (Index No. 2909/15)

[*1]In the Matter of Richard Kleinknecht, et al., appellants, 
v
Amelia Brogan, et al., respondents.


Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Robert P. Lynn, Jr., Tiffany D. Frigenti, and Moshe O. Boroosan of counsel), for appellants.
Humes & Wagner, LLP, Locust Valley, NY (John Ritter, Jr., and Christopher G. Wagner of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Lloyd Harbor dated March 4, 2015, and action for declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), entered August 27, 2015. The judgment denied the petition and, in effect, dismissed the proceeding/action.
ORDERED that the judgment is affirmed, with costs.
The petitioners/plaintiffs (hereinafter the petitioners) applied for area variances to build a dock on their waterfront property in Lloyd Harbor. The proposed dock was not in conformity with the applicable provisions of the Zoning Ordinance of Incorporated Village of Lloyd Harbor. The petitioners commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief after the Zoning Board of Appeals of the Village of Lloyd Harbor (hereinafter the ZBA) denied the petitioners' application. The petitioners contend, among things, that the ZBA's denial of the application lacked a rational basis and was arbitrary and capricious. The Supreme Court denied the petition and, in effect, dismissed the proceeding/action (see CPLR 3001; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811; Fragoso v Romano, 268 AD2d 457, 457). The petitioners appeal.
A local zoning board has broad discretion in rendering a determination on matters within its jurisdiction, and judicial review is limited to determining whether the action taken by the board was rational and not illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892; Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco, 101 AD3d 1124, 1125-1126). In determining whether to grant an area variance, a zoning board of appeals must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]). "The zoning board must consider the following five factors: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on [*2]the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'" (Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d at 892-893, quoting Village Law § 7-712-b[3][b]).
Although the ZBA inaccurately characterized and interpreted an open space easement subject to a condition subsequent that burdened the property, the ZBA's denial of the application was not based on those errors. The ZBA properly considered the statutory factors and engaged in the required balancing test, and its denial of the requested area variances was rational and not arbitrary and capricious. In particular, the evidence before the ZBA supported its conclusion that the proposed variances would produce an undesirable change in the character in the neighborhood, as it would contribute to an undesirable proliferation of long, fixed docks. This is the type of change that the requirements of the Coastal Overlay District 1 provisions of the zoning ordinance were designed to curb (see Zoning Ordinance of Incorporated Village of Lloyd Harbor § 205-102 et seq.). Additionally, the ZBA rationally concluded that the petitioners' "need" for the variances was self-created and that a feasible alternative existed. The petitioners' own expert testified that he had prepared an alternative permit application that fully conformed with the zoning code. The ZBA also appropriately considered and weighed the likely environmental impact of the proposed area variance. Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding to annul the ZBA's determination (see Matter of Sacher v Village of Old Brookville, 124 AD3d 902, 904; Matter of Rivero v Voelker, 38 AD3d 784, 785-786; Matter of Isle Harbor Homeowners v Town of Bolton Zoning Bd. of Appeals, 16 AD3d 830, 831).
Since the ZBA's determination was not arbitrary and capricious, the parties' remaining contentions, which relate to the easement, need not be addressed on this appeal (see Matter of Kleinknecht v Siino, _____ AD3d _____ [Appellate Division Docket No. 2017-01287; decided herewith]).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court