Matter of 209 Hudson St., LLC v City of Ithaca Bd. of Zoning Appeals (2020 NY Slip Op 02311)





Matter of 209 Hudson St., LLC v City of Ithaca Bd. of Zoning Appeals


2020 NY Slip Op 02311


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

529475

[*1]In the Matter of 209 Hudson Street, LLC, Respondent,
v
City of Ithaca Board of Zoning Appeals, Appellant.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Ithaca City Attorney, Ithaca (Kevin Levine of Clark Hill PLC, Philadelphia, Pennsylvania of counsel), for appellant.
Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Maria V. Fernandez-Gaige of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Keene, J.), entered March 11, 2019 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for an area variance.
In 2017, petitioner purchased real property in the City of Ithaca, Tompkins County. The property consisted of a lot and house that had a preexisting side yard deficiency. Petitioner applied to subdivide the lot and create two lots — the existing house would be part of one lot and petitioner intended to construct a multifamily dwelling on the other lot. Because petitioner's proposal required an area variance due to the side yard deficiency, petitioner submitted an application for an area variance to respondent. Following public hearings, respondent denied the application. Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. In March 2019, Supreme Court granted the petition, prompting this appeal by respondent.
When assessing petitioner's area variance application, respondent was required to "weigh[] the benefit[s] to [petitioner] against the detriment to the health, safety and welfare of the neighborhood or community if the [requested] variance is granted (Matter of Ifrah v Utschig, 98 NY2d 304, 307 [2002]; see Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d 1291, 1293 [2018]). Respondent also had to assess "[w]hether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance," "[w]hether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance," "[w]hether the requested area variance is substantial," "[w]hether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district" and "[w]hether the alleged difficulty was self-created, which consideration shall be relevant to the decision of [respondent], but shall not necessarily preclude the granting of the area variance" (Code of City of Ithaca § 325-40 [C] [3] [b] [1]-[5]; see General City Law § 81-b [4] [b] [i]-[v]; Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d at 1293). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004] [citations omitted]; see Matter of Cooperstown Eagles, LLC v Village of Cooperstown Zoning Bd. of Appeals, 161 AD3d 1433, 1436 [2018]).
Initially, we note that Supreme Court found that the determination to deny the area variance request was based on matters not related to side yard deficiency and that a rational basis required respondent to examine the requisite factors as they pertained to such deficiency. It is true that the determination that is being reviewed concerned an application for a variance from the existing regulations governing side yard deficiencies. In reaching its determination, however, respondent was not precluded from considering petitioner's proposed use of the property and purpose in seeking the area variance (see Matter of Charisma Holding Corp. v Zoning Bd. of Appeals of Town of Lewisboro, 266 AD2d 540, 541 [1999]; see e.g. Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d at 1293; Matter of Heitzman v Town of Lake George Zoning Bd. of Appeals, 309 AD2d 1126, 1128 [2003]; Matter of O'Keefe v Donovan, 199 AD2d 681, 683 [1993]). Accordingly, respondent was entitled to factor into its determination that petitioner intended to construct a multifamily dwelling.
Nevertheless, even considering petitioner's proposed use, we cannot say that respondent's determination to deny the area variance was rational. Respondent's findings reflect that an environmental review of the proposed project concluded that there would be no significant impacts to, among other things, aesthetic or historic resources, the air, land, drainage or open space area. The findings also indicated that the City of Ithaca Planning Board, at best, gave an equivocal opinion about the proposed project. In this regard, the findings stated that the Planning Board was "unsure" whether the requested variance was consistent with the neighborhood and that it was "conflicted" about petitioner's appeal to respondent. Furthermore, petitioner's proposed use of the property was a permitted use in the neighborhood. In addition, the record contains comments from individuals in the neighborhood — some of which supported and some of which disapproved of petitioner's request. Yet, respondent's consideration of the requisite factors (see Code of City of Ithaca § 325-40 [C] [3] [b] [1]-[5]) rested primarily on the opposing comments provided by those individuals living in the neighborhood (see Matter of Carlozzi v Barlow, 120 AD2d 20, 23 [1986]; cf. Matter of McDonald v City of Ogdensburg Zoning Bd. of Appeals, 101 AD2d 900, 901 [1984]; compare Matter of Rosewood Home Bldrs., Inc. v Zoning Bd. of Appeals of Town of Waterford, 17 AD3d 962, 964 [2005]). Given that the views of the community in opposition to petitioner's request by itself does not suffice to deny a variance, respondent's determination lacks a rational basis (see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 971 [2005]). As such, Supreme Court correctly annulled it.
Clark, J.P., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, with costs.