Matter of Auringer v Town of Woodstock Zoning Bd. of Appeals (2021 NY Slip Op 07334)





Matter of Auringer v Town of Woodstock Zoning Bd. of Appeals


2021 NY Slip Op 07334


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532349
[*1]In the Matter of Thomas Auringer, Appellant,
v
Town of Woodstock Zoning Board of Appeals et al., Respondents.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Timothy P. McColgan, New Paltz, for appellant.
Wapner, Koplovitz & Futerfas, PLLC, Kingston (Rod Futerfas of counsel), for respondents.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered June 19, 2020 in Ulster County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Town of Woodstock Zoning Board of Appeals denying petitioner's request for a certificate of occupancy.
In September 2016, petitioner purchased a 5,094-square-foot home on 43.98 acres of land in the Town of Woodstock, Ulster County, within an area designated as the Scenic Overlay District (see Zoning Law of the Town of Woodstock, Ulster County § 260-8 [B]). Later that month, petitioner submitted a building permit application to completely renovate the home with a new roof, new windows and exterior doors, new siding and a new layout of interior rooms, which was approved. Construction on the home was completed in October 2017, which included the installation of a new metallic roof. In early November 2017, more than one year after the issuance of the building permit, site inspection revealed that "every single tree from within a distance of about 200 feet from the residence had been removed and the area from which the trees were removed was totally bulldozed," which violated the prohibition against clear cutting in the Scenic Overlay District (see Zoning Law of the Town of Woodstock, Ulster County §§ 260-63, 260.66). Respondent Ellen Casciaro, the Town Building Inspector and Code Enforcement Officer, issued an "Order to Remedy Violation" (hereinafter the order), which directed petitioner to take remedial action to stabilize the site, create an erosion plan, and to submit a plan to remediate the site to respondent Town of Woodstock Building Department by December 9, 2017. Casciaro also referred the matter to respondent Town of Woodstock Planning Board, which referral included "exterior modifications w/out SUP" — referring to a violation based upon the construction of a metallic roof without having been issued a special use permit. Petitioner then applied for a special use permit to cure the violation.
The Planning Board held meetings and public hearings with respect to the order, with petitioner in attendance, during which potential remediation plans to mitigate the visual impact of the glare from petitioner's metallic roof were discussed. The Planning Board rejected petitioner's suggestion to remediate the site by planting trees, due to the many years that would have to pass before the trees would grow large enough to filter and shield the glare from the roof, and petitioner was unwilling to consent to any treatment of the roof. Petitioner also failed to provide research requested by the Planning Board as to whether painting the roof would mitigate the glare. Instead, in December 2017, petitioner requested, unsuccessfully, that the Building Department issue a certificate of occupancy. On February 11, 2019, petitioner filed an appeal with respondent Town [*2]of Woodstock Zoning Board of Appeals (hereinafter ZBA) to reverse the denial of his request for a certificate of occupancy and for an interpretation that the Planning Board, without notice to him, had improperly inserted construction of the roof into the proceedings involving the clear cutting violation. The ZBA denied petitioner's appeal.
Petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the ZBA's determination upholding the Building Inspector's denial of a certificate of occupancy and denying his request for an interpretation that the Planning Board acted improperly and in excess of its authority by inserting modification requirements to petitioner's roof and other exterior matters as part of the remediation. Petitioner also sought various declarations, including that the Planning Board proceeded in excess of its jurisdiction pursuant to CPLR 7803 (2) and (3) by inserting such modification requirements, that the determinations of the ZBA and the conduct of the Planning Board were made or carried out in violation of lawful procedure, were affected by an error of law, and/or were arbitrary and capricious or an abuse of discretion, and that petitioner's due process rights under the State and Federal Constitutions were violated by virtue of the unlawful taking of his property. Supreme Court dismissed the petition, holding that the ZBA's determination had a "rational and clear linkage to . . . petitioner's illegal clear cutting in the Scenic Overlay District and the need for remediation of the glare from petitioner's metallic roof[,] which was muted prior to petitioner's actions." Petitioner appeals, and we affirm.
"In a proceeding such as this, which challenges a determination made by an administrative agency as to the proper interpretation of statutes and regulations, the court's function is to ascertain, upon the proof before the agency, whether its determination had a rational basis in the record or, conversely, was arbitrary and capricious or affected by an error of law" (Matter of Escalera v Roberts, 193 AD3d 1232, 1234 [2021] [internal quotation marks and citations omitted]; see CPLR 7803; Matter of Biggs v Eden Renewables LLC, 188 AD3d 1544, 1548 [2020]). "So long as the determination is not irrational or unreasonable, judicial deference is particularly appropriate
. . . where the matter involves the agency's interpretation of a regulation that it promulgated and is responsible for administering" (Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d 1375, 1376 [2018] [citations omitted]). Petitioner argues, as he did before the ZBA and in Supreme Court, that the ZBA's determinations were improper because a building permit was issued approving petitioner's proposed renovations, which included construction of a metallic roof, and there was no basis to subsequently accept a referral that included exterior modifications, clearly referencing the roof.
The Town of Woodstock is divided into zoning and overlay districts, the latter of which includes the Scenic Overlay District in which petitioner's property is located (see Zoning Law of the Town of Woodstock, Ulster County §§ 260-5, 260-6). Respondents have promulgated specific regulations with regard to the Scenic Overlay District to, among other things, require special permit review of all development therein "at an elevation greater than 1,200 feet above sea level to mitigate the visual impact of such development to the extent practicable" (Zoning Law of the Town of Woodstock, Ulster County § 260-8 [B]). Relatedly, the zoning ordinance requires a special use permit in the event that any proposed development does not, in the judgment of the building inspector, adequately conform to, as relevant here, the additional standard that the visual impact of the proposed development is mitigated by "[t]he minimizing of tree cutting" (Zoning Law of the Town of Woodstock, Ulster County § 260-66 [A] [1] [g]; see Zoning Law of the Town of Woodstock, Ulster County § 260-36). However, the zoning ordinance distinguishes between tree cutting and clear cutting. The zoning ordinance defines clear cutting as "[t]he removal of more than 50% of the trees over six inches in diameter measure at 4½ feet above ground level in a period of one year" (Zoning Law of the Town of Woodstock, Ulster County § 260-123). Although the zoning ordinance requires "specific standards" for specific uses of clear cutting, such as commercial logging for the development of a forest management plan, it prohibits any clear cutting in the Scenic Overlay District (Zoning Law of the Town of Woodstock, Ulster County § 260-63).
Although the record establishes that petitioner acknowledged at a Planning Board meeting that the clear cutting was a mistake, his actions, after the building permit was issued, were illegal and the clear cutting significantly contributed to the visibility of the metallic roof. Further, petitioner's refusal to consider any proposal to paint or otherwise treat the roof did not allow respondents, under their zoning ordinance, to cause the special use permit and certificate of occupancy to be issued. According to the zoning ordinance, if, following the final inspection, it is expected that "the proposed work has been completed in accordance with the applicable building laws, ordinances and regulations and also in accordance with the application, plans and specifications filed in connection with the issuance of the building permit, the [b]uilding [i]nspector shall issue a certificate of occupancy. If it is found that the proposed work has not been properly completed, the [b]uilding [i]nspector shall refuse to issue a certificate of occupancy and shall order the work completed in conformity with the building permit and
. . . applicable building regulations" (Zoning Law of the Town of Woodstock, Ulster County § 32-16 [A]).
Contrary to petitioner's contention, the Planning [*3]Board did not exceed its authority by allowing the additional violation of exterior modifications without a special use permit to be included in its determination as to what remediation was necessary. In an affidavit offered in support of respondents' answer, Casciaro stated that, at the time she approved petitioner's building permit application, she was unaware that the property was located within the Scenic Overlay District. Regardless, the record reflects that, at the time she approved petitioner's building permit application, the area was heavily wooded. Petitioner, by engaging in clear cutting after the building permit was issued, caused the clear cutting and roof issues to be inextricably intertwined so that the remediation caused by the unlawful clear cutting could not be accomplished without mitigation of the roof glare. Thus, the special use permit could not be used to cure the violation based upon the glare from the metal roof, and the visual impact of the roof could not be mitigated within "its immediate environs and as viewed from a distance through the measures listed," including "[t]he minimizing of tree cutting" as required in the Scenic Overlay District (Zoning Law of the Town of Woodstock, Ulster County § 260-66 [A]). The failure to obtain the special use permit was, according to the zoning ordinance, fatal to the issuance of a certificate of occupancy.
"[A] zoning board's interpretation of a zoning law or local ordinance is afforded great deference and will only be disturbed if it is irrational or unreasonable" (Matter of Sullivan v Board of Zoning Appeals of City of Albany, 144 AD3d 1480, 1482 [2016] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 901 [2017]; see Matter of Casey v Town of Arietta Zoning Bd. of Appeals, 169 AD3d 1231, 1234 [2019]). We find that the ZBA properly interpreted the zoning ordinance that respondents promulgated and are responsible for administering, and, therefore, its determination will not be disturbed (see Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d at 1376-1377). To the extent that any of petitioner's arguments have not been specifically addressed, we have reviewed them and found them to be unavailing.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.